# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miguel Ramon Martinez,<br><br>Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | No. CV-24-00556-TUC-JGZ (JEM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Miguel Ramon Martinez ("Martinez") brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision by the Commissioner of the Social Security Administration ("Commissioner").[1] (Doc. 1.) The matter, on referral to the undersigned United States Magistrate Judge for Report and Recommendation, is ripe for determination. (Doc. 13, 18, 22-24.) As more fully set forth below, the Magistrate Judge recommends that the district court reverse the ALJ's decision and remand the matter for further proceedings.

…

---

[1] On May 7, 2025, Frank Bisignano was sworn in as the Commissioner of the Social Security Administration. Pursuant to Rule 25(d), Fed. R. Civ. P., Mr. Bisignano should be substituted as Defendant in this action.

# BACKGROUND

## Procedural History

On September 2, 2021, Martinez applied for Title II and XVI disability benefits, alleging a disability onset date of January 2, 2019, due to diabetes, osteoarthritis, scoliosis, "shoulder problems (both)," and gout. (Administrative Record ("AR") 223-233, 248-49, 257.) His application was denied initially on May 12, 2022, and denied on reconsideration on January 4, 2023. (AR 57-66 (initial determination), 68-77 (duplicate initial determination), 79-91 (reconsideration determination), 93-105 (duplicate reconsideration determination).)

A hearing was held on October 19, 2023, before Administrative Law Judge ("ALJ") Laura Speck Havens ("Havens"). (AR 33-56.) On December 1, 2023, ALJ Havens issued her non-disability determination. (AR 15-27.) On September 16, 2024, the Appeals Council denied Martinez's request for review of ALJ Haven's non-disability decision making the ALJ's decision the final decision of the Commissioner. (AR 1-6.)

Martinez timely filed the instant action seeking review of the Commissioner's decision. The district court has jurisdiction pursuant to 42 U.S.C. § 405(b).

## Relevant[2] Factual Background

Martinez, born in December 1977, has a high school education and past work as a floor assistant in a store, gardener, and laborer/contractor. (AR 242, 248-49.) Martinez

---

[2] This Court limits its discussion of the medical evidence of record to the portions of the record concerning the sole issue raised by Martinez—that the ALJ's residual functional capacity determination is not supported by substantial evidence because it fails to contain manipulative limitations. (Doc. 18 at 13.)

stopped working on January 2, 2019, due to diabetes, osteoarthritis in the back, scoliosis, "shoulder problem (both)," and gout. (AR 247.)

<u>Treating Provider Elizabeth Kuhn, FNPC</u>

On October 22, 2019, Martinez presented to Elizabeth Kuhn, FNPC, complaining of back pain. (AR 440.) Upon examination, FNPC Kuhn observed reduced range of motion in Martinez's shoulders, along with tenderness. (AR 443.) FNPC Kuhn recorded Martinez as being positive for "[b]ack pain, [j]oint pain, [j]oint swelling, [n]eck pain, [and] [a]rthritic manifestations." (AR 442.)

On November 21, 2019, Martinez presented to FNPC Kuhn complaining of, *inter alia*, bilateral shoulder and wrist pain, which is aggravated by gripping and reaching. (AR 447.) Upon examination, FNPC Kuhn recorded observing, in relevant part, "[h]ands – [l]eft: severe OA, [r]ange of motion: moderate pain w/motion, [r]ight: severe OA, [r]ange of motion: moderate pain w/motion." (AR 451.)

On December 19, 2019, Martinez presented to FNPC Kuhn reporting that his arthritis causes persistent dull and achy pain with use that is aggravated by, *inter alia*, reaching and gripping. (AR 455.)

On December 6, 2021, FNPC Kuhn performed a physical assessment of Martinez. (AR 59.) According to state agency reviewing physician Melvyn Weinberg, M.D., FNPC Kuhn opined, *inter alia*, that Martinez is "able to use hands 15% of day, 75% fine manipulation[.]" *Id*.

On March 24, 2022, Martinez followed up with FNPC Kuhn complaining of, *inter alia*, bilateral knee pain. (AR 598.) Upon examination, FNPC Kuhn observed severe

osteoarthritis in both right and left hands with moderate pain with motion. (AR 603.)

On June 22, 2022, Martinez followed up with FNPC Kuhn complaining of bilateral shoulder, hand, and wrist pain. (AR 620.) Upon examination, FNPC Kuhn recorded, *inter alia*, shoulder tenderness and moderate pain with motion in his shoulders and severe osteoarthritis in Martinez's hands. (AR 625.)

<u>Consultative Examining Physician Richard M. Palmer, M.D.</u>

On April 14, 2022, Martinez underwent a consultative physical examination with Richard M. Palmer, M.D. (AR 569.) Martinez reported a history of a right rotator cuff abnormality and left shoulder surgery. *Id*. A positive Hawkin's test was recorded, along with a discomforted range of motion with his shoulders. (AR 572-73.) Dr. Palmer opined that Martinez is limited to frequent[3] reaching (right), handling (both), fingering (right), feeling (right); occasional[4] reaching (left); and no limitations with fingering (left) and feeling (left). (AR 578.) Dr. Palmer explained his conclusions as follows:

> Sensation diminished to monofilament touch, right hand.
> Slight weakness right pincer and right grip.
> Impairment of dexterity, right hand.
>
> Mallet finger defect of with lack of active extension DIP joint left right finger.

(AR 578.)

<u>State Agency Physician Melvyn Weinberg, M.D.</u>

---

[3] Frequently means occurring one-third to two-thirds of an 8-hour workday (cumulative, not continuous). (AR 578.)

[4] Occasionally means occurring from very little to up to one-third of an 8-hour workday (cumulative, not continuous). (AR 578.)

- 4 -

On May 11, 2022, state agency reviewing physician Melvyn Weinberg, M.D., reviewed Martinez's medical records. (AR 57-66.) Dr. Weinberg opined that Martinez required the following manipulative limitations: limited in both arms for reaching in front and/or laterally, reaching overhead and handling, and limited in his right arm for fingering and feeling. (AR 63.) Dr. Weinberg opined, *inter alia*, "There is decreased sensation and slight weakness of grip R and hand c possible CTS nerve injury." (AR 64.)

State Agency Physician Amita Hegde, M.D.

On November 21, 2022, state agency reviewing physician Amita Hegde, M.D., reviewed Martinez medical records. (AR 93-105.) Dr. Hegde opined that Martinez required the following manipulative limitations: limited in both arms for reaching in front and/or laterally, and reaching overhead and no limitations in handling, fingering, and feeling. (AR 101.) Dr. Hengle, like Dr. Weinberg, opined, *inter alia*, that Martinez had "[d]ecreased sensation and mild weakness [in] R hand due to CTS." (AR 102.)

Provider W. Horace Noland, M.D.

On March 23, 2023, Martinez had a consultation with W. Horace Noland, M.D., for "[r]adiculopathy of lumbar region." (AR 804.) Upon examination Dr. Noland recorded, *inter alia*, "MOTOR STRENGTH: Normal tone, 3+/5 hip flexion, no foot drop, 5/5 all other muscle groups.[]" (AR 806.) On May 8, 2023, Martinez underwent an EMG. (AR 811-812.) On June 22, 2023, Martinez had a follow up consultation regarding his EMG. (AR 799-803.) On examination, Dr. Noland again recorded, *inter alia*, "MOTOR STRENGTH: Normal tone, 3+/5 hip flexion, no foot drop, 5/5 all other muscle groups.[]" (AR 802.) On July 21, 2023, Martinez underwent an MRI of his lumbar spine without

- 5 -

contrast. (AR 809-810.)

**The ALJ's Decision**

At step one, the ALJ determined that Martinez had not engaged in substantial gainful activity since January 2, 2019, his alleged onset date. (AR 17.) At step two, the ALJ determined that Martinez suffered from the severe impairments of degenerative disc disease, degenerative joint disease, peripheral neuropathy and obesity. (AR 18.) At step three, the ALJ determined that Martinez did not suffer from an impairment or combination of impairments that met or equaled a listed impairment. (AR 18-20.) After step three but before step four, the ALJ determined Martinez's residual functional capacity[5] ("RFC") as follows:

> [T]he claimant has the [RFC] to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except: Claimant can lift/carry 10 pounds occasionally and less than 10 pounds frequently. Claimant can sit for 6/8 hours and stand or walk for 2/8 hours. Claimant must have the ability to change positions at will but would not be away from his workstation or off task during the positional changes. Claimant must use a single point cane when standing or walking. Claimant can never climb ladders; can occasionally climb stairs, stoop, kneel, crouch or crawl; and can frequently reach in all directions bilaterally. Claimant can have occasional exposure to moving machinery and unprotected heights.

(AR 20-24.)

Based on the foregoing RFC, the ALJ determined that Martinez is unable to perform any past work. The ALJ also determined that transferability of any job skills is not material to the determination of disability because, using the Medical-Vocational Rules as a

---

[5] Residual functional capacity is the most an individual can still do in a work setting based on all the relevant evidence in the record and despite his or her limitations. 20 C.F.R. § 404.1545(a)(1).

- 6 -

framework, a finding that Martinez is "not disabled" is appropriate. (AR 25.) After considering Martinez's age, education, work experience and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that he can perform as follows: table worker, Dictionary of Occupational Titles ("DOT") No. 739.687-182; lens inserter, DOT No. 713.687-026; and agricultural sorter, DOT No. 521.687-086. (AR 25-26.) On this basis the ALJ found Martinez not disabled. (AR 26-27.)

**ISSUE ON REVIEW**

Martinez raises one issue for review. He urges that the ALJ failed to include limitations related to handling and fingering in the RFC. (Doc. 18 at 13.) Martinez urges that the ALJ rejected limitations related to handling and fingering despite multiple medical opinions that he required manipulative limitations. *Id.* at 18. The Commissioner argues that the ALJ properly declined to include manipulative limitations in the RFC. (Doc. 22 at 5-7.) As more fully explained below, the Court agrees with Martinez and remand to the Commissioner is recommended.

**ANALYSIS**

**Legal Standards**

The Commissioner employs a five-step sequential process to evaluate claims. 20 C.F.R. § 404.1520; *see also Heckler v. Campbell*, 461 U.S. 458, 460-462 (1983). To establish disability the claimant bears the burden of showing: (1) s/he is not working; (2) s/he has a severe physical or mental impairment; (3) the impairment meets or equals the requirements of a listed impairment; and (4) the RFC precludes the performance of past work. 20 C.F.R. § 404.1520(a)(4). At step five, the burden shifts to the Commissioner to

show that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). If the Commissioner conclusively finds the claimant "disabled" or "not disabled" at any point in the five-step process, the ALJ does not proceed to the next step. 20 C.F.R. § 404.1520(a)(4).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)). The findings of the Commissioner are meant to be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla but less than a preponderance." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)). The court may overturn the decision to deny benefits only "when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001). This is so because the ALJ "and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). The Commissioner's decision, however, "cannot be affirmed simply by isolating a specific quantum of supporting evidence." *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998) (citing *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)). Reviewing courts must consider the evidence that supports as well as detracts from

the Commissioner's conclusion. *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975).

A claimant is "disabled" for the purpose of receiving benefits if she is unable to engage in any substantial gainful activity due to an impairment which has lasted, or is expected to last, for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). "The claimant bears the burden of establishing a prima facie case of disability." *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), *cert. denied*, 517 U.S. 1122 (1996); *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).

**The ALJ Failed to Consider FNPC Kuhn's Treatment Records and Opinion Related to Martinez's Osteoarthritis in Both Hands**

In declining to include manipulative limitations in the RFC the ALJ found that Martinez did not report hand pain until August 11, 2023. *See* AR 24 (stating that claimant "did not report hand pain until August 11, 2023" and that "[c]laimant did not report pain or limitation in his hands to other providers (prior to August 2023)[.]"). However, the medical evidence of record does not support this finding. For instance, on November 21, 2019, Martinez presented to FNPC Kuhn complaining of, *inter alia*, bilateral shoulder and wrist pain, which is aggravated by gripping and reaching. (AR 447.) Upon examination, FNPC Kuhn recorded, in relevant part, "[h]ands – [l]eft: severe OA, [r]ange of motion: moderate pain w/motion, [r]ight: severe OA, [r]ange of motion: moderate pain w/motion." (AR 451.) This Court finds that the ALJ's finding that Martinez did not report hand pain to a provider before August 2023 is unsupported.

The ALJ also stated that Martinez "did not describe the reason for his hand pain although he had just fallen a few months prior which could be the cause, although

unclear[]." (AR 24.) However, as detailed above, FNPC Kuhn's medical records repeatedly document her observation of severe osteoarthritis in both hands. *See* AR 451 (November 21, 2019, medical record noting severe osteoarthritis in both hands); 603 (March 24, 2022, medical record noting same), 625 (June 22, 2022, medical record noting same). This Court finds that the ALJ's speculation that a fall caused Martinez's hand pain is rebutted by the medical evidence of record documenting FNPC Kuhn's observation that Martinez suffers from severe osteoarthritis of both hands.

Applicable regulations require that "[t]he agency must 'articulate . . . how persuasive' it finds 'all of the medical opinions' from each doctor or other source." *Woods v. Kijikazi*, 32 F.4th 785, 792 (9th Cir. 2022). *See* 20 C.F.R. § 404.1520c(b). The agency must explain how it considered the supportability and consistency of each medical opinion. 20 C.F.R. § 404.1520c(b)(3). Supportability refers to the amount of relevant objective medical evidence and supporting explanations provided by the medical source. 20 C.F.R. § 404.1520c(c)(1). The more consistent a medical opinion or prior administrative medical finding is with the record the more persuasive the opinion or finding will be. 20 C.F.R. § 404.1520c(c)(2). A nurse practitioner working closely with and under the supervision of an acceptable medical source qualifies as an acceptable medical source. *See Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (nurse practitioner's opinion considered that of an acceptable medical source where she worked closely with and under the supervision of physician); *Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) (a nurse practitioner working in conjunction with a physician constitutes an acceptable medical source, while a nurse practitioner working on his or her own does not).

Here, FNPC Kuhn completed a medical source statement of Martinez on December 6, 2021. (AR 59, 62, 99-100.) This Court has been unable to locate FNPC Kuhn's medical source statement in the AR. However, the disability determinations at the initial and reconsideration levels record FNPC Kuhn's medical source statement as:

> MSS ELIZABETH KUHN, FNPC
> 12/06/2021 MSS, Physical Assessment, able to walk ½ block, stand/walk 1.0 hr, sit 4.0 hrs, occasionally lift/carry 10 lbs and less, possibly no reaching, able to use hands 15 of day, 75% fine manipulation, potentially would need to recline or lie down during work day (*sic*)[.]"

(AR 59, 62, 99-100.) (emphasis omitted). The ALJ failed to discuss FNPC Kuhn's medical source statement. The ALJ's decision reflects that the ALJ only discussed portions of the opinions of the state agency medical consultants Drs. Weinberg and Hedge, and consultative examiner Dr. Palmer, not FNPC Kuhn. *See, e.g.*, AR 23-24 (discussing opinions of Drs. Weinberg, Hegde and Palmer).[6]

This Court finds the ALJ's failure to discuss FNPC Kuhn's medical records and medical source statement related to Martinez's osteoarthritis of the hands in formulating Martinez's RFC is error. *See Kisner v. Saul*, No. 2:19-CV-673-EFB, 2020 WL 5820617,

---

[6] The ALJ also relies on Dr. Noland's finding that Martinez had "5/5 grip strength, normal sensation and normal rapid alternating movements." (AR 24.) However, the ALJ's reliance on Dr. Noland's finding made during an examination related to Martinez's lumbar pain, without any meaningful explanation of the finding's relevance, is of little evidentiary value. *See Oropilla v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01528-PHX-MTL, 2022 WL 885009, at *3 (D. Ariz. Mar. 25, 2022) (ALJ erred by failing to "articulate with any particularity" how medical records were inconsistent with the treating doctor's opinion); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 884 (9th Cir. 2006) (finding that even when "facially legitimate reasons" support an adverse determination, "complete lack of meaningful explanation gives this court nothing with which to assess its legitimacy").

at *5 (E.D. Cal. Sept. 30, 2020) (finding "[b]ecause the ALJ failed to provide legally sufficient reasons for rejecting Dr. Lacy's opinion, the moderate limitations he assessed should have incorporated into the ALJ's step-two findings, as well as the RFC determination.") (citing *Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) (unpublished) (finding that "[t]he administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it.")).

### **The ALJ Improperly Relied on Portions of Dr. Palmer's Opinion**

This Court agrees with Martinez that the ALJ improperly relied on portions of Dr. Palmer's opinion in formulating the RFC. As set forth above, on April 14, 2022, Martinez underwent a consultative physical examination with Dr. Palmer. (AR 569.) Dr. Palmer opined that Martinez has the following manipulative limitations: frequent reaching (right), handling (both), fingering (right), feeling (right), and limited to occasional reaching (left), and had no limitations with fingering (left) and feeling (left). (AR 578.)

Also, as set forth above, on May 11, 2022, state-agency consultative physician Dr. Weinberg determined that Martinez was limited in both arms for reaching in front and/or laterally, reaching overhead, and handling; and limited in his right arm for fingering and feeling. (AR 63.) In other words, both Drs. Palmer and Weinberg opined that Martinez's was limited in handling and fingering. However, the ALJ's formulated RFC fails to include any limitation related to handling and fingering despite Drs. Palmer and Weinberg's opined manipulative limitations.

In response, the Commissioner urges the district court to find that Martinez has failed to cite to objective findings or treatment for his hand pain or limitations. (Doc. 22 at 9.) This Court finds that the finding urged by the Commissioner's is unsupported. As set forth above, FNPC Kuhn's treatment records establish that in November 2019 and later FNPC Kuhn diagnosed Martinez as suffering from severe osteoarthritis in both hands. *See, e.g.,* AR 451.

The Commissioner concedes that the ALJ did not address Dr. Weinberg's opinion related to Martinez's handling and fingering limitations but urges that the ALJ's error is harmless. (Doc. 22 at 7, n. 4.) This Court rejects the Commissioner assertion. As pointed out by Martinez, Dr. Weinberg's opinion related to Martinez's handling and fingering limitations corroborates Dr. Palmer's opinion related to Martinez's handling and fingering limitations. It is true that the ALJ addressed Dr. Weinberg's opinion and determined that Dr. Weinberg's opinion was not fully persuasive finding that his opinion is, *inter alia*, an overestimation of Martinez's ability to stand and walk. (AR 23.) However, the ALJ failed to discuss the portion of Dr. Weinberg's opinion related to Martinez's handling and fingering capability. The regulations require the ALJ to account for functional limitations caused by all impairments when formulating a claimant's RFC. *See* SSR 96-8p, 1996 WL 374184; 20 C.F.R. §§ 404.1545(a)(2). This Court finds that the ALJ's failure to do so regarding Martinez's manipulative impairments is error.

**The ALJ's Errors Are Harmful**

As mentioned above, the agency must articulate how persuasive it finds all the medical opinions from each doctor or other source and explain how it considered the

supportability and consistency factors in reaching these findings. *See* 20 C.F.R. §§ 404.1520c(b), (b)(3). Here, FNPC Kuhn is an "other source," and her opinion must be considered. However, the ALJ failed to discuss FNPC Kuhn's opined manipulative limitations and the vocational impact of the same. This Court also finds that the ALJ erred in accepting portions of Dr. Palmer's opinion without explanation for her failure to include Dr. Palmer's opined manipulative limitations in Martinez's RFC.

This Court finds these errors are harmful because this Court cannot confidently conclude that no reasonable ALJ, when fully crediting either FNPC Kuhn's opinion or Dr. Palmer's opinion could have reached a different disability determination. *See, e.g., Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (holding that a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination).

Additionally, in determining whether Martinez can perform work in the national economy, the ALJ relied on vocational expert testimony in response to two (2) hypothetical questions that did not include manipulative limitations. *See* AR 52 (hypothetical number one), 53-55 (hypothetical number two). A hypothetical question posed to a vocational expert must "consider all of the claimant's limitations" for a vocational expert's testimony to constitute substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1044 (9th Cir. 1995). "If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.' " *Matthews v. Shalala*, 10 F.3d 678, 681 (9th

Cir. 1993) (quoting *Delorme v. Sullivan*, 924 F.2d 841, 850 (9th Cir. 1991)). An ALJ's failure to include a limitation in the hypothetical posed to the vocational expert that is contained in an opinion that the ALJ found persuasive renders the vocational expert's testimony lacking in evidentiary value. *See Matthews*, 10 F.3d at 681 ("If a vocational expert's hypothetical does not reflect all the claimant's limitations, then the 'expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.' " (citation omitted)).

As mentioned, the vocational expert was presented with hypothetical questions that did not include manipulative limitations. This Court notes that all three (3) jobs identified by the vocational expert in response to the ALJ's two hypotheticals require significant handling, frequent fingering, and frequent reaching. *See* DICOT 521.687-086, Nut Sorter, 1991 WL 674226 ("Things: 7 – Handling, S – Significant," "Reaching: Frequently – Exists 1/3 to 2/3 of the time" and "Fingering: Frequently – Exists from 1/3 to 2/3 of the time"); DICOT 739.687-182, Table Worker, 1991 WL 680217 ("Things: 7 – Handling, S – Significant," "Reaching: Frequently – Exists 1/3 to 2/3 of the time" and "Fingering: Frequently – Exists from 1/3 to 2/3 of the time"); DICOT 713.687-026, Lens Inserter, 1991 WL 679273 ("Things: 7 – Handling, S – Significant," "Reaching: Frequently – Exists 1/3 to 2/3 of the time" and "Fingering: Frequently – Exists from 1/3 to 2/3 of the time"). Considering the handling, fingering and reaching requirements of the jobs identified by the vocational expert, the jobs identified by the vocational expert may be eliminated if a reformulated RFC contained manipulative limitations as opined by either FNPC Kuhn or Dr. Palmer.

**<u>Remand is Appropriate</u>**

This Court has found that the ALJ committed reversible error. Upon finding that an ALJ committed reversible error, the district court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency." *Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014). "Unless the district court concludes that further administrative proceedings would sever no useful purpose, it may not remand with a direction to provide benefits." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015).

This Court determines that remand to the Commissioner for further proceedings is appropriate. On remand, the ALJ should be directed to consider FNPC Kuhn's medical records and medial source statement related to Martinez's osteoarthritis of both hands, consider the supportability and consistency of the entirety of Drs. Weinger and Palmer's opinions, reformulate an RFC to account for supported manipulative limitations in Martinez's hands, and take additional vocational expert testimony on whether work exists in the national economy that Martinez can perform considering a reformulated RFC.

### RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that the district court **REVERSE** the decision of the and remand the matter to the Commissioner for further administrative proceedings. Pursuant to Federal Rule of Civil Procedure 72(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of

the Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the District Court. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **24-cv-00556-JGZ**.

Dated this 10th day of June, 2025.

_____
James E. Marner
United States Magistrate Judge